UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERMAYNE HUGGINS,** | ) | CASE NO. 1:20CV1273 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **ANDREW WILLIAMS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the First Motion (ECF DKT #19) of Defendants Monte Roose, Scott Rachel and Travis Fox for Summary Judgment. For the following reasons, the Motion is denied.

### I. FACTUAL BACKGROUND

Plaintiff Dermayne Huggins filed this Complaint on June 20, 2020, alleging an Excessive Force Claim pursuant to 42 U.S.C. § 1983 against Richland Correctional Institution Officers Andrew Williams, Monte Roose, Travis Fox and Scott Rachel and a state law Negligence Claim against the same Defendants.

Plaintiff alleges that on June 16, 2018, while incarcerated at Richland Correctional Institution, he was involved in an altercation with correctional officers during which O.C. (pepper) spray was twice deployed in his facial area. Defendant Roose arrived to escort Plaintiff away from the cell block. During this escort, Roose called for assistance. Defendant Williams arrived and the two officers threw Plaintiff to the ground. Williams allegedly beat

Plaintiff while he was handcuffed and defenseless. Defendants Roose, Rachel, and Fox allegedly stood by, encouraged the beating, and failed to intervene. Subsequently, according to Plaintiff, the officers provided false statements to investigators in order to cover up their misconduct. (ECF DKT #1, ¶ 1).

The moving Defendants argue that they are entitled to judgment in their favor because Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) and because the Negligence Claim is barred by the Eleventh Amendment.[1] In support, Defendants attach the Declaration of Inspector Kelly Rose, Institutional Inspector at Richland Correctional. (ECF DKT #19-1).

In his Opposition Brief, Plaintiff contends that disputed issues of fact preclude summary judgment on the issue of exhaustion. Also, Plaintiff states his intention to dismiss his Negligence Claim. (ECF DKT #22 at fn.1). Plaintiff submits his own Affidavit in support of his position. (ECF DKT #23-1).

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must

---

[1] Defendant and former corrections officer Andrew Williams is separately represented and does not join in the instant dispositive motion.

either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Prison Litigation Reform Act ( PLRA)**

>Applicability of administrative remedies.
>No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act (PLRA) requires that inmates exhaust available administrative remedies prior to filing a claim under federal law. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all suits about prison life," including excessive force allegations); *Lee v. Willey*, 789 F.3d 673, 681 (6th Cir. 2015). This requirement is mandatory but not jurisdictional, and applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought. *See Porter*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA has been interpreted to require "proper exhaustion," meaning that a prisoner must " 'complete the administrative review process in accordance with the applicable procedural rules,'... [as] defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (*quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Proper exhaustion of the administrative grievance process, which demands adherence to deadlines and critical procedural rules, is required. *Woodford*, 548 U.S. at 83-84. *See also Pool v. Klenz*, No. 17-3426, 2018 WL 1989637, at*2 (finding that untimely grievances did not comply with Ohio Administrative Code and were non-exhaustive).

Failure to exhaust is an affirmative defense; plaintiffs are not required to plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 21. When a defendant raises

the affirmative defense of exhaustion under the PLRA, the burden is on the defendant to show non-exhaustion. *Mattox v. Edelman*, 851 F.3d 583, 589 (6th Cir. 2017). Failure to exhaust must be established by a preponderance of the evidence. *Napier v. Laurel County*, 636 F.3d 218, 255 (6th Cir. 2011). Summary judgment may be granted "if defendants establish the absence of a 'genuine dispute as to any material fact' regarding nonexhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2016) (quoting Fed.R.Civ.P. 56(a)). Claims that fail to satisfy the exhaustion requirement should be dismissed without prejudice. *Adams v. Smith*, 166 F.App'x 201, 204 (6th Cir. 2006) (*quoting Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) *abrogated by Jones v. Bock*, 549 U.S. 199 (2007) on other grounds).

**Ohio Inmate Grievance Procedures**

Ohio has a three-step inmate grievance process. Ohio Admin. Code § 5120-9-31(K). *See also Troche v. Crabtree*, 814 F.3d 795, 799 (6th Cir. 2016). In the first step, an inmate must file an informal complaint within fourteen days of the event from which the complaint arose. Ohio Admin. Code § 5120-9-31(K)(1). If dissatisfied with the response to his informal complaint, the second step of the grievance process requires the inmate to file a grievance with the inspector of institutional services within fourteen days. Ohio Admin. Code § 5120-9-31(K)(2). If dissatisfied with the response to this grievance, the third step requires the inmate to file a grievance with the chief inspector within fourteen days. Ohio Admin. Code § 5120-9-31(K)(3). The chief inspector may waive this time limit for good cause. *Id*.

**Failure to Exhaust Excused**

An inmate's failure to exhaust is excused "when improper actions of prison officials render administrative remedies functionally unavailable." *Does 8-10 v. Snyder*, 945 F.3d 951, 966 (6th Cir. 2019)(citing *Himmelreich v. Fed. Bureau of Prisons*, 766 F. 3d 576, 577 (6th Cir. 2014)). An administrative remedy is unavailable when: (1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the grievance process is so incomprehensible that "no ordinary prisoner can discern or navigate it," or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, _ U.S. _, 136 S. Ct. 1850, 1859-60 (2016).

A prisoner's lack of compliance may be excused if the administrative remedies are not available; but the Sixth Circuit has required a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lee*, 789 F.3d at 677; *Napier*, 636 F.3d at 223; *see also Brock v. Kenton Cnty.*, 93 F.App'x. 793, 798 (6th Cir.2004) (citing cases).

Defendants' instant Motion for Summary Judgment is directed solely at whether Plaintiff has met the threshold requirement to exhaust his administrative remedies as required by the PLRA or whether he is entitled to an exception from this statutory requirement. In her Declaration (ECF DKT #19-1), Inspector Kelly Rose states that she is employed with the Ohio Department of Rehabilitation and Correction ("ODRC") as an Institutional Inspector at Richland Correctional Institution. ¶ 2. Her duties include handling inmate grievances. ¶ 2. She reviewed the records and determined that Plaintiff did not submit an Informal Complaint Resolution within fourteen days of the June 16, 2018 use-of-force incident – the first step of

the grievance process.  ¶¶ 9-10.  She states that all persons in the custody of ODRC are provided written and oral instructions on how to avail themselves of the grievance procedure. ¶ 4.  In addition, the grievance procedure is available to all inmates at any ODRC institution, regardless of their disciplinary status or security level.  ¶ 5.

Plaintiff does not dispute that he did not comply with even the first-level grievance at Richland Correctional Institution.  However, he insists that his obligation to exhaust administrative procedures is excused.

In his Affidavit (ECF DKT #23-1), Plaintiff declares that on the same day as his assault at Richland Correctional, he was transferred to Mansfield Correctional on an "emergency rideout waiver."  ¶ 6.  Plaintiff was immediately placed in limited privilege segregation housing or solitary confinement.  ¶ 10.  He remained there for approximately two weeks.  Plaintiff was denied privileges.  ¶ 12.  The officers at Mansfield knew what occurred at Richland and Plaintiff was threatened and punched by an officer named "Terrence."  ¶¶ 22-24.  Plaintiff asked an officer, Lieutenant Wisdom, if he could use the computer kiosk and if he could have paper and a pen.  Lieutenant Wisdom denied those requests.  ¶¶ 19-21. Plaintiff was afraid to ask about filing a grievance and was afraid of retaliation if he complained about treatment by correction officers.  Plaintiff states that he was transferred to Southern Ohio Correctional Facility on July 10, 2018.  ¶ 30.  Plaintiff spoke with an Inspector Malhoun there about his fears for his safety and the attacks by officers.  The Inspector showed Plaintiff a stack of papers and said: "What do you think I'm going to do about it?"  ¶¶ 33-35. After these interactions, Plaintiff did not pursue his grievances because he believed such attacks on prisoners were commonplace and that he would not be taken seriously by prison

staff or inspectors. ¶¶ 36-39.

The Court finds that Defendants have not established the absence of a 'genuine dispute as to any material fact' regarding nonexhaustion." *Risher, supra.* Viewing the facts and all inferences in the light most favorable to the nonmoving party, Defendants have not satisfied their burden of showing Plaintiff's failure to exhaust administrative remedies by a preponderance of the evidence. Plaintiff's Affidavit identifies individuals by name who either threatened him or refused to help him. He describes his transfer from one institution to another and placement in restricted confinement within days of the assault that is the subject of this Complaint. There is conflicting sworn testimony as to the availability of the grievance process; as to the willingness to provide any relief to aggrieved inmates; and as to whether prison inmates like Plaintiff were thwarted from "taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross, supra.*

### III. CONCLUSION

For these reasons, the First Motion (ECF DKT #19) of Defendants Monte Roose, Scott Rachel and Travis Fox for Summary Judgment is denied.

The docket reflects that the Fact Discovery Deadline is September 24, 2021. Defendants have the burden of proof on the affirmative defense; but they still have time to possibly secure evidence to refute Plaintiff's assertions of unavailable grievance processes. A dispositive motion may be re-filed if Defendants believe it is warranted following focused fact discovery.

Per the representation in his Opposition Brief (ECF DKT #22), Plaintiff shall dismiss his state law Negligence Claim within one week of this Order.

The interim Telephone Status Conference set for July 22, 2021 at 2:00 p.m. and the Settlement Conference set for September 28, 2021 at 2:00 p.m. remain.

**IT IS SO ORDERED.**

**DATE: July 2, 2021**

  s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**