UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERMAYNE HUGGINS, | ) | CASE NO. 1:20-cv-01273 |
| Plaintiffs, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| ANDREW WILLIAMS, *et al.*, | ) | |
| Defendants. | ) | **ORDER** |

Plaintiff Dermayne Huggins's complaint against Correctional Officers Andrew Williams, Monte Roose, Scott Rachel, and Travis Fox alleges two causes of action: (1) a violation of 42 U.S.C. § 1983 for excessive use of force; and (2) a state law claim for negligence.[1] (R. 1). The claims stem from an incident while Plaintiff was incarcerated at the Richland Correctional Institution (RCI).

Defendants Fox, Rachel, and Roose have moved for summary judgment asserting that they are entitled to judgment due to Plaintiff's failure to exhaust his administrative remedies before filing a lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C § 1997e(a). (R. 43). The motion also requests an evidentiary hearing in order for the Court to make a finding of fact on the issue of exhaustion of administrative remedies pursuant to the PLRA. *Id.* at PageID# 179.

The Sixth Circuit Court of Appeals has expressly found that a right to a jury trial does not

---

[1] On July 9, 2023, Plaintiff filed a Notice of Dismissal, dismissing his state law negligence claim with prejudice. (R. 27).

extend to the determination of whether a prisoner-litigant exhausted his claims under the PLRA, instead affirming a "district court's conclusion that the disputed issues of fact regarding exhaustion under the PLRA present[] a matter of judicial administration that could be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) (footnote omitted); *accord Alexander v. Calzetta*, 2018 WL 8345148 at *6 (E.D. Mich. Nov. 30, 2018) ("Within the context of these evidentiary hearings, federal district or magistrate judges can resolve all genuine issues of material fact related to the exhaustion of administrative remedies."); *Burfitt v. May*, No. 3:22-CV-00618, 2023 WL 375209, at *2 (N.D. Ohio Jan. 24, 2023) (Carr, J.) ("Should an issue of fact remain [concerning PLRA exhaustion] after the parties' briefing, it will be for me to resolve through an evidentiary hearing; it is not to be left for the jury.") Nevertheless, while the court may resolve disputed issues of fact at an evidentiary hearing and the court is not required to make any inferences in favor of a plaintiff as the non-moving party, "[a]t all times, Defendants bear the burden of showing that Plaintiff failed to properly exhaust his claim." *Jackson v. Perttu*, 2022 WL 19402613 at *3 (W.D. Mich. Dec. 1, 2022) (citing *Lamb v. Kendrick*, 52 F.4th 286 (6th Cir. 2022)).

Plaintiff acknowledges that he did not file a grievance with regards to the June 16, 2018 incident (R. 44-1, PageID# 388-389).[2] Nevertheless, Plaintiff asserts the following: "[his] specific allegations of intimidation and fear of violent retaliation by prison staff, which must be assumed true for the purposes of the motion for summary judgment, are sufficient for a reasonable jury to conclude that the grievance process was 'unavailable' to him, and none of

---

[2] Plaintiff did file a grievance a month later, on July 19, 2018, regarding a different, *unrelated* incident against staff at the Southern Ohio Correctional Facility in Lucasville, Ohio. (R. 44-1, PageID# 389-390).

2

them have been refuted by Defendants." (R. 46, PageID# 1240). Plaintiff's assertion highlights the key distinctions between an evidentiary hearing on the issue of PLRA exhaustion and a motion for summary judgment. First, Plaintiff is incorrect to the extent he is suggesting that it is the jury's province to resolve the PLRA exhaustion issue, as such an assertion would run afoul of the Sixth Circuit's decision in *Lee* discussed above. Second, while it is axiomatic that the evidence, including the statements of Plaintiff, must be taken in the light most favorable to the non-moving party when considering a summary judgment motion, a court may resolve all genuine issues of material fact related to the exhaustion under PLRA—including making credibility findings and weighing the evidence as it deems appropriate. As such, the Court disagrees with Plaintiff that an evidentiary hearing is unnecessary or a waste of judicial or party resources. The Court cannot make a finding on this issue without benefit of an evidentiary hearing given the facts that have been presented.

Therefore, Defendants' request for an evidentiary hearing is GRANTED. The Court defers ruling on the remainder of the motion for summary judgment. The Court will conduct a conference to discuss scheduling the evidentiary hearing and the format to permit each side to present evidence and testimony on the issue of exhaustion.[3]

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: July 19, 2023

---

[3] Testimony regarding the underlying incident itself is unnecessary, as the hearing will focus only on the issue of exhaustion.